UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH E. GALYEAN,

       Plaintiff,

v.                                   Case No:  2:14-cv-78-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff Joseph Galyean appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB").   For the reasons discussed herein, the decision of the Commissioner is affirmed pursuant to 42 U.S.C. § 405(g).

## I.   Issues on Appeal

Plaintiff raises four issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly evaluated the opinion of Plaintiff's treating psychiatrist; (2) whether the ALJ erred by determining that Plaintiff's substance abuse materially contributed to his disability; (3) whether the ALJ properly determined Plaintiff's residual functional capacity ("RFC"); and (4) whether the ALJ properly relied on the Medical Vocational Guidelines (the "grids") at step five of the sequential evaluation process.

## II.    Procedural History and Summary of the ALJ's Decision

On October 6, 2010, Plaintiff protectively filed an application for a period of disability and DIB, alleging he became disabled and unable to work on March 30, 2007.   Tr. 137-43.   The Social Security Administration denied his claim on November 8, 2010.   Tr. 69-74.   Plaintiff then requested and received a hearing before ALJ Paula Garrety on July 19, 2012, during which he was represented by an attorney.   Tr. 34-63, 75-76.   Plaintiff, his wife, Janice Galyean, and Vocational Expert ("VE") Lee Levin testified at the hearing.   Tr. 34-63.

On August 29, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.   Tr. 20-30.   The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2010. Tr. 22.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 30, 2007, the alleged onset date.   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments: major depressive disorder; alcohol dependency/abuse; acute alcoholic hepatitis; cirrhosis; and history of compression fractures of the thoracic spine.   *Id.*   At step three, the ALJ concluded that "[t]he claimant's impairments, including the substance abuse disorder, meet sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d))."   Tr. 23.   The ALJ found that the "paragraph A" criteria of listings 12.04 (affective disorders) and 12.09 (substance addiction disorders) are satisfied because Plaintiff has a depressive syndrome with anhedonia, sleep disturbance, decreased energy, appetite disturbance, difficulty concentrating/thinking, thoughts

of suicide and feelings of guilt/worthlessness.   Tr. 23 (citing Tr. 553-602).   The ALJ also found that the "paragraph B" criteria of those listings are satisfied because Plaintiff's impairments result in marked limitations in at least two of the four functional areas; specifically, activities of daily living and social functioning.   Tr. 23.

The ALJ then determined that even if Plaintiff stopped abusing alcohol, his remaining limitations would cause more than a minimal impact on his ability to perform basic work activities and Plaintiff therefore would continue to have a severe impairment or combination of impairments.   Tr. 25.   The ALJ further found, however, that if Plaintiff stopped abusing alcohol, his impairments no longer would meet or medically equal the severity of any of the listed impairments.   *Id.*   In making that determination, the ALJ expressly considered the effects that substance abuse cessation would have on the "paragraph B" criteria and determined that those criteria would not be satisfied because Plaintiff no longer would have marked limitation in at least two functional areas.   Tr. 25-26.   The ALJ also considered the "paragraph C" criteria and determined that they also no longer would be satisfied if Plaintiff stopped abusing alcohol.   Tr. 26.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that if Plaintiff stopped abusing alcohol he would have the RFC to perform "a range of medium unskilled work as defined in 20 CFR 404.1567(c)."   Tr. 27.   The ALJ then found that even if Plaintiff stopped abusing alcohol he would not be capable of performing his past relevant work, but could perform "a significant number of jobs in the national economy."   Tr. 28, 29.   Accordingly, the ALJ

determined that "[t]he substance abuse disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance abuse," and then found that Plaintiff is not disabled and denied his claim.   Tr. 29-30.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on December 12, 2013.   Tr. 1-6, 15-16.   Accordingly, the ALJ's August 29, 2012 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on February 12, 2014.   Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The district court must consider the entire record, including new evidence submitted to the Appeals Council

for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

Plaintiff contends that the ALJ erred by assigning little weight to the opinion of a treating physician; finding that his substance abuse was a contributing factor

material to his disability; failing to include any limitations in his RFC related to his ability to maintain concentration, persistence, or pace despite finding that Plaintiff would have moderate difficulties in these areas even if he stopped abusing alcohol; and relying on the grids despite finding that Plaintiff had severe nonexertional impairments.   Each argument is addressed separately.

### a.   *Whether the ALJ erred by assigning little weight to a treating source opinion*

Plaintiff first argues that the ALJ erred by partially discrediting the opinion of Dr. Carlos Velas, Plaintiff's treating psychiatrist at Cedar Point Family Services. Dr. Velas completed a medical source statement on October 25, 2011 in which he stated that Plaintiff had "marked" limitations in his abilities to: concentrate, remember and carry out simple instructions; make judgments on complex work-related decisions; interact appropriately with the public; and respond appropriately to usual work situations and changes in a routine work setting.   Doc. 21 at 9 (citing Tr. 759-60).   Dr. Velas also found that Plaintiff had other moderate limitations.   *Id.*

In particular, Plaintiff argues that the ALJ's interpretation of Dr. Velas' answer of "not applicable" to a question asking whether Plaintiff's substance abuse contributes to any of his limitations is an inaccurate reading of the opinion, because in other records Dr. Velas acknowledges that Plaintiff has substance abuse issues. *Id.* at 10-11 (citing Tr. 760).   The Commissioner, by contrast, asserts that the ALJ was entitled to rely on Dr. Velas' opinion as stated, and that Plaintiff improperly attempts to substitute his own interpretation for that of the ALJ by arguing that Dr. Velas meant something other than what he specifically stated.   Doc. 24 at 9-10.

Therefore, the Commissioner argues, the ALJ's decision to accord little weight to Dr. Velas' opinion is supported by substantial evidence, because the doctor's statement is inconsistent with other evidence in the record.   *Id.* at 7-9.

Under the Regulations, opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ."   20 C.F.R. § 404.1527(c)(2).   Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).

Accordingly, "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown."   *Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Sabo v. Chater*, 955 F.Supp. 1456, 1462 (M.D. Fla. 1996).   "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1241).

Plaintiff correctly contends that if the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight.   SSR 96-2p; 20 C.F.R. § 404.1527(c).   By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, she must clearly articulate the reasons for doing so.   *Winschel*, 631 F.3d at 1179.   Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as she demonstrates good cause to reject the opinion.   *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011).

Here, the ALJ assigned little weight to Dr. Velas' medical source statement because it is inconsistent with other evidence in the record.   *See* Tr. 28; Tr. 425-27, 759-61.   Specifically, in deciding to afford Dr. Velas' opinion little weight, the ALJ stated:

> Although this opinion notes limitations ranging from mild to marked in severity, this physician did not acknowledge any substance abuse; however, the evidence is quite strong to the contrary and reveals that the claimant was actively abusing alcohol, and any suggestion to the contrary is inconsistent with objective evidence.

Tr. 28.

The portion of the record to which the ALJ cites in support of her explanation for according Dr. Velas' opinion little weight is the "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" completed by Dr. Velas on October 25, 2011, which, as its title suggests, addresses whether a claimant's impairments

affect his ability to perform mental work-related activities.   *See* Tr. 28 (citing Tr. 425-27, 759-61).   Dr. Velas indicated that Plaintiff had mild limitation in his abilities to understand, remember and carry out simple instructions; moderate limitation in his ability to make judgments on simple work-related decisions; and marked limitation in his abilities to understand, remember and carry out complex instructions and make judgments on complex work-related decisions.   Tr. 425, 759. Dr. Velas further found that Plaintiff's ability to interact appropriately with supervisors, co-workers and the public and to respond to changes in the routine work setting are affected by his impairments.   Tr. 426, 760.   Specifically, Dr. Velas stated that Plaintiff had marked limitation in his ability to interact appropriately with the pubic and respond appropriately to usual work situations and changes in a routine work setting; and moderate limitation in his ability to interact appropriately with supervisors and co-workers.   *Id.*

Dr. Velas' notation that the effects, if any, of substance abuse on Plaintiff's impairments are "not applicable" is ambiguous, at best.   By contrast, other treatment records signed by Dr. Velas acknowledge Plaintiff's history of alcohol abuse.   *See* Tr. 744 (under the heading "substance abuse history," Dr. Velas checked "ETOH"); Tr. 746 (including a diagnosis of alcohol dependence).   Because the ALJ considered Dr. Velas' opinion in the context of the entire record, however, and determined it was inconsistent with other evidence indicating that, but for Plaintiff's alcohol abuse, his limitations would not rise to listing-level severity, under the Regulations the ALJ could assign the opinion reduced weight.

The ALJ discussed evidence in the record demonstrating that Plaintiff's limitations directly correlate to his increased alcohol consumption and abuse. For example, the ALJ discussed letters written by Plaintiff's wife in which she describes that by spring 2007 she was finding bottles of liquor in their home and Plaintiff began drinking in the morning, and by September of that year Plaintiff's drinking was "out of control." Tr. 24; *see* Tr. 200. The ALJ also discussed treatment records from Plaintiff's admission to St. Luke's Hospital from March 11, 2008 through March 14, 2008, whereupon Plaintiff was discharged with a diagnosis of "Hepatitis with questionable etiology of viral versus alcohol induced versus autoimmune." Tr. 428. The records from St. Luke's, some of which are signed by Dr. Velas, include references to Plaintiff's alcohol abuse, such as a notation regarding a consultation related to Plaintiff's alcohol abuse, and state that Plaintiff has alcoholic liver disease. Tr. 460, 461, 466, 474.

Furthermore, despite being advised to stop drinking entirely, sometime between February 2007 and April 2008 Plaintiff completed an undated "Adult History Form" for St. Luke's Family Practice at Walnutport on which he reported that he drinks alcohol daily.[1]  Tr. 553, 578.  Records of Dr. James J. Boylan dated March 24, 2008 describe Plaintiff as having "fairly severe alcohol abuse [but] who has not stopped in spite of knowing that he has some abnormal liver tests related to his liver." Tr. 602.  That record further states that Plaintiff's "liver biopsy is fairly definitive of

---

[1] The document is within the portion of the record marked Exhibit 10F, which is described as medical records of Lisa Doherty, D.O. dated 2/21/2007 to 4/1/2008.

alcoholic liver hepatitis, and should stop drinking totally and really needs to change his lifestyle in this regard." *Id.*

Dr. James Vizza also completed a Psychiatric Review Technique form on November 8, 2010 in which he addressed Plaintiff's medical disposition based on Substance Abuse Addition Disorders, as set forth in Listing 12.09, and stated that Plaintiff's alcohol dependence also was a medically determinable impairment.   Tr. 386, 394.   Dr. Vizza considered the diagnoses of alcohol abuse and depression from Plaintiff's prior outpatient treatment, and Plaintiff's diagnosis of alcohol withdrawal from his prior inpatient treatment.   Tr. 398.   Ultimately, Dr. Vizza concluded that Plaintiff's primary diagnosis in the record as of the date last insured was alcohol dependence, with depression and mood disorder secondary to the alcohol dependence and not severe.   *Id.*

Although Plaintiff correctly contends that a treating physician's opinion ordinarily is entitled to controlling weight, the regulations set forth an exception where, as here, a treating physician's opinion is inconsistent with other evidence in the record and the doctor's own treatment records.   The ALJ considered Dr. Velas' opinion and other record evidence in accordance with the Regulations, determined that the opinion is entitled to little weight and sufficiently articulated her reasons for doing so.   Upon review of the record, the ALJ's decision is supported by substantial evidence.

      *b. Whether the ALJ properly determined that Plaintiff's substance abuse is a contributing factor material to his disability*

Plaintiff next argues that the ALJ erred as a matter of law by determining that Plaintiff's substance abuse is a contributing factor material to his disability. The Commissioner contends that the ALJ properly applied the regulations for determining materiality of substance abuse and substantial evidence supports the ALJ's decision.

Pursuant to 42 U.S.C. § 423(d)(2)(C), "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Thus, if the Commissioner finds that a claimant is disabled and there is medical evidence of a drug or alcohol addiction, then the Commissioner must determine whether such addiction "is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535. To make such a determination, the Commissioner first considers whether the claimant still would be disabled if he stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b)(1).

The Commissioner then evaluates what, if any, of the claimant's impairments would remain upon cessation of the substance abuse. 20 C.F.R. § 404.1535(b)(2). If the claimant's limitations would not continue to be disabling, then the substance abuse is considered a contributing factor material to the determination of disability. If, however, the Commissioner determines that a claimant's remaining limitations would continue to be disabling, then the claimant will be found disabled independent of the alcoholism, and the substance abuse is not considered a contributing factor

material to the determination of disability.   20 C.F.R. § 404.1535(b)(2)(i), (ii).   The burden of proving that he still would be disabled if he stopped using alcohol, and therefore that alcoholism is not a contributing factor material to his disability determination, rests with the claimant.   *Doughty v. Apfel*, 245 F.3d 1274, 1275-76, 1280, 1281 (11th Cir. 2001); *see also McMahon v. Comm'r*, 583 Fed. Appx. 886, 888 (11th Cir. 2014) ("The claimant bears the burden to prove that she would be disabled if she stopped using alcohol.") (citing *Doughty*, 24 F.3d at 1275-76).

Here, the ALJ determined that Plaintiff's impairments, including the substance abuse disorder, meet listings 12.04 and 12.09.   Tr. 23.   Although the ALJ also found that if Plaintiff stopped the substance abuse he would continue to have a severe impairment or combination of severe impairments, she determined the impairments would not meet or medically equal a listed impairment.   Tr. 25. Specifically, the ALJ again considered listing 12.04 and determined that if Plaintiff stopped abusing alcohol, he no longer would meet the "paragraph B" criteria.   *Id.*

First, the ALJ explained that if Plaintiff stopped the substance abuse, he only would have mild restrictions in activities of daily living.   *Id.*   In so finding, the ALJ cited Plaintiff's wife's testimony that before Plaintiff's alcohol abuse began, he was physically fit and had appropriate daily routines and hygiene.   *Id.*   As to social functioning, the ALJ similarly determined that Plaintiff only would have mild difficulties if he stopped abusing alcohol, because his wife testified that before Plaintiff started drinking heavily they rarely fought and often had visitors to their home, Plaintiff spoke to his children daily and would socialize with his wife's deli

customers.   Tr. 26.   All of this, however, ceased upon Plaintiff's increased drinking. *Id.*

As to Plaintiff's ability to maintain concentration, persistence, or pace, the ALJ found that he still would have moderate difficulties even if he stopped abusing alcohol.   *Id.*   The ALJ cited Dr. Velas' opinion, to which she previously accorded little weight based upon his notation on a medical source statement regarding Plaintiff's ability to perform mental work-related activities that substance abuse was "not applicable,"[2] that Plaintiff only had mild difficulty with simple instructions and moderate difficulty with work-related judgment, but marked difficulty with complex instructions.   *Id.*   The ALJ also explained that Plaintiff's wife reported his difficulties in this area were exacerbated by his increased alcohol consumption. Thus, although the ALJ found it "reasonable to conclude that absent the claimant's alcohol abuse, his ability to concentrate and maintain persistence and pace would be improved," in "giving the claimant all benefit of the doubt" she determined that he still would have moderate difficulties in this area.   *Id.*   The ALJ found that Plaintiff still would not experience episodes of decompensation.   *Id.*

Accordingly, because Plaintiff would not continue to have marked limitations in at least two of the broad functional areas if he stopped abusing alcohol, or a marked limitation in one area and repeated episodes of decompensation of extended duration,

---

[2] As discussed *supra*, the meaning of this notation is not entirely clear, and the parties offer contrasting interpretations.   As set forth elsewhere in this opinion, however, the undersigned finds that the ALJ sufficiently explained her reasons for assigning Dr. Velas' opinion reduced weight, and there is substantial evidence in the record to support the ALJ's ultimate determination that Plaintiff would not be disabled if he stopped abusing alcohol.

the "paragraph B" criteria would not be satisfied.  The ALJ also found that the "paragraph C" criteria would no longer be satisfied if Plaintiff stopped abusing alcohol, because the evidence does not demonstrate that upon cessation Plaintiff's impairments would cause more than a minimal limitation on his ability to perform basic work activities, or that the other factors would be met.   *Id.*

Plaintiff argues that the ALJ's determination of materiality was erroneous because, based on the evidence in this case, it is impossible to separate the effects of Plaintiff's substance abuse from the effects of his other impairments.   Doc. 21 at 13. The Court finds, however, that the ALJ properly applied the materiality standard, and her decision is supported by substantial evidence.   In making her decision, the ALJ highlighted testimony from Plaintiff's wife that his limitations began initially with his increased alcohol consumption.   Tr. 27; *see, e.g.*, Tr. 200 (stating that in early spring 2007, "[t]hings were changing drastically. I found bottles of gin and vodka in the freezer . . . . Nausea and vomiting started.").[3]

---

[3]  The Social Security Ruling on which Plaintiff relies in support of his contention that the ALJ erred in her analysis of his alcohol abuse, SSR 13-2p, became effective February 20, 2013.  Tr. 20-30.  Thus, as the Commissioner notes, this Ruling was not even in effect at the time the ALJ issued her opinion on August 29, 2012.   *See* Doc. 24 at 11.

Plaintiff also cites various medical records from treatment after the date of last insured, June 30, 2010.  Tr. 22; *see* Doc. 21 at 14-15 (citing Tr. 238, 299, 301, 321, 381). Plaintiff correctly states that "[n]one of this evidence was discussed in the ALJ's decision," and contends that if the ALJ had considered this evidence in conjunction with the opinion of Dr. Velas then she would not have found Plaintiff's substance abuse material.  Doc. 21 at 15.   Here, the ALJ noted that records dated after the date of last insured reflect a worsening of his *physical* condition, but stated "[h]owever, there is no showing that the claimant's physical impairments were this severe prior to the date last insured."  Tr. 28.  Evidence reflecting conditions or treatment after the date of last insured is outside the relevant time period.   *See, e.g.*, *Leonard v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 298, 300 (11th Cir. 2011) ("All medical evidence Leonard submitted on remand pertained solely to her condition on dates after her date last insured, and thus outside the relevant time period.").

The ALJ noted that Plaintiff reported in February 2007 he had been depressed for two years, yet continued to work until March 2007, which the ALJ found "suggests that his depression was not such as would preclude all work-related activities."   Tr. 27.   The ALJ also stated the record contains no evidence of mental health treatment until after Plaintiff began heavily using alcohol.   *Id.*   The ALJ's opinion cites additional testimony from Plaintiff's wife, who stated that before Plaintiff began abusing alcohol he was not as limited in his abilities to get along with others and socialize and was able to maintain appropriate hygiene and a daily routine.   Tr. 27-28.

Contrary to Plaintiff's assertion that the ALJ erred by failing to show that Plaintiff would not be disabled absent his alcoholism, the burden was Plaintiff's to prove that he would be.   *Doughty*, 245 F.3d at 1275-76.   He failed to meet that burden here.   Upon review of the entire record, the ALJ's determinations that Plaintiff's substance abuse is a contributing factor material to his disability and that he would not be disabled absent the alcoholism are supported by substantial evidence.

c. *Whether the ALJ's RFC determination is supported by substantial evidence*

Plaintiff also contends that the ALJ expressly found that Plaintiff would have moderate difficulties in concentration, persistence, or pace even if he stopped abusing alcohol, but did not include any related limitations in his RFC.   Doc. 21 at 17. Plaintiff acknowledges that the ALJ's RFC finding limited Plaintiff to unskilled work, but argues that does not adequately account for his limitations in those areas.   *Id.* at 17-18.   The Commissioner asserts that the ALJ's determination that Plaintiff had

"moderate" difficulties in these areas is a rating used as part of the psychiatric review technique form, which is not an assessment of a plaintiff's RFC.   Doc. 24 at 12-13 (citing 20 C.F.R. § 404.1520(a), (d) and SSR 96-8p).   Instead, the rating is used to rate the severity of a claimant's mental impairments at steps two and three of the sequential evaluation.   Doc. 24 at 12-13 (citing 20 C.F.R. §§ 404.1520(a)(4)(ii)-(iii), 404.1520a(d)(1), (d)(2); SSR 96-8p).

The RFC is the most that a claimant can do despite his limitations.   *See* 20 C.F.R. § 404.1545(a).   When determining a claimant's RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions," not just those determined to be severe.   20 C.F.R. § 404.1545(a)(2); SSR 96-8p.   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. § 404.1545(a).   The claimant's age, education and work experience also are considered in determining his RFC and whether he can return to his past relevant work.   *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1520(f)).

The ALJ is required to consider the combined effects of a claimant's alleged impairments and make specific, well-articulated findings as to the effect of the impairments and whether they result in disability.   *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).   The ALJ's RFC assessment also must identify and describe the specific medical and nonmedical evidence that supports her conclusion and explain how any material inconsistencies or ambiguities in the record are considered and resolved.   SSR 96-8p.   Thus, the RFC assessment is based upon all

relevant evidence of a claimant's ability to do work despite his impairments. *Phillips*, 357 F.3d at 1238; *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Here, the ALJ determined that if Plaintiff stopped abusing alcohol he would be capable of performing medium unskilled work.   Tr. 27.    In doing so, the ALJ considered Plaintiff's symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p.    Notably, as set forth more fully elsewhere in this opinion, the ALJ considered testimony from Plaintiff's wife that his mental health issues began with his increased alcohol consumption.   Tr. 27.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the statements of Plaintiff and his wife concerning the intensity, persistence and limiting effects of the symptoms were not fully credible.   *Id.*   The ALJ highlighted that in February 2007 Plaintiff reported he had been depressed for two years, yet continued to work until March 2007, which "suggests that his depression was not such as would preclude all work-related activities."   *Id.*   The ALJ also noted "there are no records from treating mental health professionals until he started abusing alcohol" and cited Plaintiff's wife's testimony that previously he was not limited in his abilities to get along with others, socialize, or maintain appropriate hygiene and a daily routine.   Tr. 27-28. Moreover, as noted, the state agency examiner who reviewed the records indicated on the Psychiatric Review Technique form that Plaintiff's mental impairments are not

severe.    Tr. 386.    Thus, after reviewing the record, the Court finds the ALJ's opinion with respect to Plaintiff's RFC is supported by substantial evidence.

> ### d. Whether the ALJ appropriately relied upon the grids to determine that Plaintiff is not disabled

Finally, Plaintiff argues that the ALJ erred by relying solely on the grids after he found that Plaintiff would have moderate difficulties in the area of concentration, persistence, or pace even if he stopped abusing alcohol.    Doc. 21 at 19-21.    The Commissioner argues that even where, as here, the ALJ cannot use the grids to direct a finding of disability, she still may use them as a framework for making her disability determination and properly did so to determine that Plaintiff is not disabled.    Doc. 24 at 14.

Limitations in concentration, persistence, or pace, as limitations other than as to strength demands, are considered non-exertional and therefore the grids do not direct a factual finding of disabled or not disabled.    20 C.F.R. § 404.1569a(a), (c).  Instead, the principles set forth in the grids must be *considered* when determining whether a claimant has a disability.    20 C.F.R. § 404.1569a(c)(2); *see Foote*, 67 F.3d at 1559 (ALJ must make finding whether nonexertional limitations are severe enough to preclude wide range of work at given level).

Here, the ALJ did not find exertional limitations, but found that Plaintiff would have moderate nonexertional limitations in concentration, persistence, or pace even if he stopped abusing alcohol.    Tr. 27, 29.    If nonexertional limitations significantly impact a claimant's ability to perform a wide range of work-related activities at a given exertional level, the ALJ must elicit testimony from a VE.    *See*

*Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (where nonexertional impairments significantly limit basic work activities, ALJ should consult VE rather than relying solely on grids); *Vuxta v. Comm'r of Soc. Sec.*, 194 Fed. Appx. 874, 878 (11th Cir. 2006) (remanding for ALJ to determine whether plaintiff's limitations preclude wide range of work and, if so, stating ALJ must consult a VE rather than relying on grids); *Goberman v. Apfel*, No. 2:99-cv-316-FtM-26DNF, 2001 WL 267209, at *5 (M.D. Fla. Mar. 12, 2001) (explaining that when nonexertional limitations significantly erode the base of employment at a given level, consulting a VE is appropriate).

Contrary to Plaintiff's contention that the ALJ determined that Plaintiff has "significant" nonexertional limitations, however, the ALJ did not find that Plaintiff's nonexertional limitations significantly affect his ability to perform the range of medium unskilled work or erode the occupational base of such work.  *Id.*  Thus, the ALJ was not required to elicit testimony from a VE,[4] and properly considered the principles set forth in the grids in reaching her determination that Plaintiff would not be disabled if he stopped abusing alcohol.   20 C.F.R. § 404.1569a(c)(2); *Syrock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985) (ALJ could rely on grids where his determination that nonexertional impairments did not preclude wide range of

---

[4] Unlike cases in which there is no testimony from a VE, in this case VE Lee Levin was present and testified at the hearing.   Although the ALJ did not elicit any testimony from the VE, Plaintiff's counsel inquired whether an individual with the limitations set forth in Dr. Velas' opinion could perform any work in the national economy.  Tr. 60-61.   The VE replied that there are no jobs in the national economy that an individual with those limitations could perform.  Tr. 61.   As set forth *supra*, the ALJ determined Dr. Velas' opinion is entitled to reduced weight as inconsistent with other evidence in the record.

employment was supported by substantial evidence); *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823, 826 (11th Cir. 2010) (ALJ properly relied on grids where plaintiff's nonexertional impairments did not significantly restrict capacity to perform work activities); *Clifton v. Astrue*, 298 Fed. Appx. 855, 856 (11th Cir. 2008) (ALJ properly relied on grids where claimant's mental limitations did not preclude full range of light work); *Perry v. Astrue*, 280 Fed. Appx. 887, 894, 896 (11th Cir. 2008) (VE testimony was not required where ALJ determined that plaintiff did not have nonexertional impairments that significantly limited his ability work, and substantial evidence supported the ALJ's decision); *Werner v. Comm'r of Soc. Sec.*, 421 Fed. Appx. 935, 939 (11th Cir. 2011) (ALJ's determination that plaintiffs nonexertional impairments did not significantly limit plaintiff's ability to work supported by substantial evidence, and ALJ therefore was free to rely on grids rather than VE); *Johnson v. Barnhart*, No. 02-16464, 2003 WL 22595220, at *6 (11th Cir. 2003) (ALJ could rely on grids and was not required to consult VE where the plaintiff's nonexertional limitations did not preclude wide range of sedentary work).

Plaintiff has not produced evidence that he would be unable to perform a wide range of medium unskilled work if he stopped abusing alcohol. Because the ALJ determined that Plaintiff's nonexertional limitations do not significantly limit his ability to perform the range of medium unskilled work, the ALJ properly could—and did—rely on the grids to determine that significant jobs exist that Plaintiff could perform if he stopped abusing alcohol. Upon review of the entire record, the ALJ's decision in this regard is supported by substantial evidence.

V.    Conclusion

The ALJ considered the evidence in accordance with the Regulations and determined that Plaintiff's impairments, including substance abuse, meet the listings and he therefore is disabled.   The ALJ continued with the requisite analysis, however, and determined that Plaintiff would not be disabled under the Regulations if he stopped abusing alcohol, because he could perform a range of jobs at the medium unskilled classification level of which there exist significant numbers in the national economy.   Upon review of the entire record, the ALJ applied the proper legal standards and the decision is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.    The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of March, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record